IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY SCOTT                                                                 PLAINTIFF

v.                              CIVIL NO. 16-3045

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tammy Scott, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on January 23, 2013, alleging an inability to work since June 15, 2008, due to an adjustment disorder, obsessive compulsive disorder, dependent personality disorder, and psychosis. (Tr. 298). An administrative hearing was held on August 15, 2014, at which Plaintiff appeared with counsel and testified. A friend of Plaintiff's also testified, as did a vocational expert. (Tr. 84-115).

By written decision dated December 22, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe.

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Specifically, the ALJ found Plaintiff had the following severe impairments: major depressive disorder, severe; generalized anxiety disorder; and borderline personality disorder. (Tr. 68). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 69). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Perform a full range of work at all exertional levels but with the following nonexertional limitations: She is limited to work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables, requiring little judgment; and supervision required is direct, simple, and concrete.

(Tr. 70.)

With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as an inspector/packager, as well as other jobs, such as housekeeper, machine tender-one, and inspector. (Tr. 77-78).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after considering additional evidence submitted by the Plaintiff, denied that request on March 22, 2016. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining the Plaintiff's RFC in the present case, the ALJ relied upon a mental diagnostic evaluation performed by Psychologist Terry L. Efird on April 15, 2013, and mental

4

RFC assessments completed by non-examining state agency medical consultants on April 16, 2013, and July 1, 2013. (Tr. 125-128, 152-155, 500-504). The ALJ discounted a mental medical assessment completed in September 2014, 17 months after Dr. Efird's evaluation, by Licensed Professional Counselor Joan Shepard. (Tr. 603-607). Ms. Shepard indicated that she had been seeing the Plaintiff twice a month for two years. Ms. Shepard noted that the Plaintiff continued to hallucinate and have crying spells, despite being prescribed two anti-psychotics and antidepressants. The symptoms identified by Ms. Shepard included: loss of interest in almost all activities, decreased energy, thoughts of suicide, intense and unstable interpersonal relationships, hallucinations/delusions, difficulty thinking/concentrating, emotional withdrawal/isolation, illogical thinking, easy distractibility, memory impairment, and recurrent severe panic attacks. Ms. Shepard noted that Plaintiff had serious problems with stress, especially in social situations, and assessed her with "no useful ability to function" or "unable to meet competitive standards" in all mental abilities and aptitudes needed to perform both skilled and unskilled work.

The ALJ stated that he gave Ms. Shepard's assessment "some weight" but found that it was not entirely supported by the other available evidence of record and that Ms. Shepard was not considered an acceptable medical source. Ms. Shepard's assessment, however, is supported by her twice weekly counseling sessions with the Plaintiff over a period of two years. Dr. Efird only saw the Plaintiff on one occasion and did not have the benefit of reviewing the extensive treatment Plaintiff received during the 17 months following his evaluation. Further, evidence submitted and considered by the Appeals Council reflects that less than two months after the date of the ALJ's decision, Plaintiff was hospitalized at Vantage Point for over three weeks, and, about two months after that, was hospitalized again for approximately one week.

While these hospitalizations occurred after the date of the ALJ's decision, they were very close in time to the decision and Plaintiff's symptoms during her hospitalizations were very consistent with those she experienced during the time period considered by the ALJ. The records from these hospitalizations indicate that Plaintiff complained about hearing voices telling her to shoot herself, suicidal ideas, daily depression, crying spells, difficulty concentrating, memory problems, outbursts of anger, decreased sociability, and manic symptoms. Plaintiff was diagnosed with and treated for schizoaffective disorder, bipolar type. (Tr. 6-26, 28-61).

In light of the significant symptoms Plaintiff experienced and treatment she received following Dr. Efird's evaluation, which evaluation formed the basis for the ALJ's RFC determination, the Court believes that remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's mental RFC. Specifically, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.  Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed

and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 25th day of August 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE